THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ANDREW G. SANDERS, Defendant-Appellant.

Fifth District   No. 77-286

Opinion filed April 18, 1978.

David W. Watt, Jr., of Hendricks & Watt, of Murphysboro, for appellant.

William A. Schuwerk, Jr., State's Attorney, of Chester (Bruce D. Irish and Raymond F. Buckley, Jr., both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

Defendant, Andrew Sanders, was charged in the circuit court of

Randolph County with the offenses of rape, aggravated kidnapping, deviate sexual assault and aggravated assault. Following a jury trial, defendant was found guilty as charged from which he brings this appeal. By order, upon the finding of ample evidence that defendant was deprived of his right to a fair trial, this court has reversed the judgment entered and remanded the cause for a new trial. This opinion follows.

The charges herein stem from an incident which occurred during the early morning hours of February 3, 1977. At trial, the complaining witness testified that at 12:30 a.m., a man knocked on her trailer door and identified himself as the brother of Linda Saunders, a co-worker of the complaining witness. Saunders is in fact defendant's sister. After answering the door, the complaining witness turned on the kitchen light. The man, bearing a rifle, then forced his way into the trailer. She described the gun as having a short barrel and a protrusion or clip under it giving it the appearance of being a machine gun. She further stated that from a distance of three feet, in the light of the door area, she was able to get a good look at the man. At trial she positively identified defendant as being that man. She stated that defendant forced her outside and into his truck. On the seat therein, she saw three more rifles. Her description of the truck matched that owned by defendant. Moreover, she noticed a "license applied for" sticker on the windshield and evidence showed that, at that time, defendant's truck bore a similar sticker. Defendant then drove the witness to a secluded location where various sexual acts were committed by force. At the scene, defendant had removed a tampon from the complaining witness and had thrown it out of the truck. Evidence showed that subsequently a tampon had been found near the scene. Further, evidence showed that tire tracks in the snow at the scene indicated a vehicle with two snow tires in the back and two regular tires in the front. Defendant's truck was also so equipped with tires.

The witness stated that following the sexual acts, defendant drove her to a country bridge and forced her to sit upon a railing. He then aimed a rifle at her and announced that he was going to kill her. She begged for her life and ultimately, defendant acquiesced upon her promise never to reveal the incident. She stated that he told her that he would kill her if he learned that she had talked.

The fiance of the complaining witness testified that at 2 a.m. he received a telephone call from her. She was upset and crying and she stated that she had been raped. At that time he agreed not to inform the police because she was fearful for her life. However, on the afternoon of February 4, 1977, after having been convinced by a friend to report the crime, the complaining witness went to the police. She testified at trial that subsequently she made a photographic identification of defendant from a group of photographs. She also testified that after defendant had

been arrested, the police brought four guns to her but that she was unable to positively identify them. It appears that these guns had been taken from defendant's home.

At trial, following the testimony of the complaining witness, the State introduced in evidence, over defendant's objection, a detailed eight-page handwritten statement by the witness essentially recounting in full her oral testimony at trial. The statement was a carefully prepared product of two prior rough drafts and was written at the suggestion of the police soon after the crime was reported.

In addition to the foregoing, the State introduced in evidence the testimony of Larry Hoeb. Hoeb testified that he had spent the night of the crime, until about midnight, with defendant drinking at a bar in a bowling alley. Over defendant's objection, Hoeb further testified that when he had arrived at his trailer-home at four in the morning, he discovered that it had been broken into and that his four rifles had been taken. He described one of the guns as having a 10-inch "banana clip" under it, and he described another gun as having a gun strap on it. None of these guns were ever recovered.

The State presented further evidence that a gun strap had been found in defendant's truck. However, on cross-examination of Hoeb, he admitted that he could not identify the gun strap found in defendant's truck as being the one that was taken from his trailer.

Defendant presented an alibi defense.

Upon review of the issues raised by defendant on appeal, we find the following trial errors disclosed by the record: (1) the introduction in evidence of the written statement of the complaining witness; and (2) the chain of errors involving admission of testimony and argument accusing defendant of the burglary of Hoeb's trailer and the theft of Hoeb's guns, the admission in evidence of the gun strap, and the testimony relating to defendant's own four guns.

■■ ■ Turning first to the introduction in evidence of the written statement, it is a general rule that the testimony of a witness cannot be bolstered up or supported by evidence that the witness has made similar statements, out of court, in harmony with his testimony at trial. (*People v. Buckley*, 43 Ill. App. 3d 53, 356 N.E.2d 1112; *People v. Clark*, 52 Ill. 2d 374, 288 N.E.2d 363.) An exception to this rule is made in a prosecution for rape in that evidence of a fresh complaint or corroborative statement may be admitted; however, testimony of such must be limited to the fact of a complaint and cannot extend to the details thereof. (*People v. Damen*, 28 Ill. 2d 464, 193 N.E.2d 25; *People v. Hood*, 59 Ill. 2d 315, 319 N.E.2d 802.) Another exception is permitted to rebut a charge or an inference that the witness was motivated to testify falsely or that his testimony was of recent fabrication in which case evidence is admissible

that he told the same story before the motive came into existence or before the time of the alleged fabrication. (*People v. Buckley;·People v. Clark.*) In the instant case it is undisputed that neither of these exceptions are applicable.

As is so often the situation in cases involving sex-related crimes, the State's evidence consisted primarily of the testimony of the complaining witness along with certain other corroborating evidence. The introduction of the written statement could only have been intended to serve as "corroboration" by repetition. This tactic preys on the human failing of placing belief in that which is the most often repeated. The State, by presenting the statement in evidence, effectively put the complaining witness in the jury room during its deliberations where she could continually repeat her testimony. In this manner the State succeeded both in emphasizing every detail of her testimony and in bolstering her testimony by showing that it was consistent with the prior statement.

■■ While the State now concedes that the admission of the statement was error, it argues that this error was harmless. We cannot agree. From the record before us, we conclude that the State's tactic substantially denied defendant his right to a fair trial.

Equally grave is the chain of trial error involving the testimony of the burglary of Hoeb's trailer and theft of his four guns,· the testimony concerning four additional guns apparently found in defendant's home and the introduction in evidence of the gun strap found in defendant's truck. At the core of this chain was the evidence of the burglary and the accusation by the State during closing argument that defendant committed the burglary.

■■ Evidence of criminal acts of misconduct by an accused which are unrelated to the charge are inadmissible. (*People v. Romero*, 66 Ill. 2d 325, 362 N.E.2d 288; *People v. Lamparter*, 56 Ill. App. 3d 823, 371 N.E.2d 997.) The law distrusts such evidence because it tends to raise too strong an inference that the accused is guilty of the charged crime due to his character as one who is likely to commit crimes. (*People v. Lehman*, 5 Ill. 2d 337, 125 N.E.2d 506.) Such evidence, however, may be admissible where it has substantial independent relevance, such as to show motive, intent, identity, the absence of mistake or accident, or the existence of a common scheme or design. (*People v. Lehman; People v. McDonald*, 62 Ill. 2d 448, 343 N.E.2d 489.) But even in these limited instances, it should not be admitted unless its probative value clearly outweighs its prejudicial impact. (*People v. Butler*, 31 Ill. App. 3d 78, 334 N.E.2d 448.) An accused should never be required to defend himself against some unrelated offense, accusation or prejudicial insinuation not directly pertinent to the crime for which he is on trial. *People v. Black*, 367 Ill. 209, 10 N.E.2d 801.

■■ The State argues that the evidence of the burglary was properly admitted to prove the identity of the defendant as the man who raped the complaining witness. It is not clear by which manner this object was to be accomplished by the evidence of the burglary. In any event, the State wholly failed to prove that defendant committed the burglary or to connect the burglary to the attack of the complaining witness. The guns taken during the burglary were never recovered and hence were not introduced and identified as those used in the sexual attack. Moreover, the description given by the complaining witness of her assailant's guns cannot be said to match the description given by Hoeb of his guns. The State attempted to connect defendant to the burglary by means of the gun strap found in defendant's truck. Defendant testified that he had bought the gun strap for one of his own four rifles. Hoeb, on the other hand, admitted that he could not identify the strap as belonging to any of the guns that had been stolen. Additionally, the complaining witness had never testified that any of her assailant's guns had a gun strap. Since the foregoing evidence bore no connection to the charged crimes, it was irrelevant and it should not have been admitted.

But the State urges, alternatively, that if irrelevant, this evidence could not have prejudiced defendant. We cannot agree. The accusations of theft and burglary could have served no lawful purpose; however they raised the inference of defendant's guilt of the charged crimes by improperly suggesting the bad character of defendant. The accusations placed an unfair burden squarely upon defendant to defend himself against crimes for which he had not been charged.

Equally irrelevant was the testimony concerning defendant's own four guns. No allegation was made connecting these guns to the charged crimes and indeed the complaining witness stated that she could not identify them as being the ones used during the attack. Thus the evidence concerning defendant's guns, Hoeb's guns, the burglary and the gun strap was all of no rational probative value and could have only confused the issues before the jury. Such evidence could only have established guilt by unsupported accusation and obfuscation of fact.

A person accused of crime, whether he is guilty or innocent, is entitled to a fair trial. The trial errors herein, viewed separately or cumulatively, deprived defendant of this fundamental right. Although the record shows other, properly admitted, evidence which was sufficient to support a guilty verdict, we are unable to say whether or not the jury would have found defendant guilty if the errors had not occurred. Moreover, in measuring the extent to which the jury's verdict has been tainted, we find it significant that each of the errors constitutes a violation of an elementary principle of fair trial proceedings. Such violations should not be tolerated.

In light of our holding, we need not consider other issues raised by defendant. For the foregoing reasons, the judgment entered by the circuit court of Randolph County is reversed and this cause is remanded for a new trial.

Reversed and remanded for a new trial.

G. J. MORAN and KARNS, JJ., concur.