(No. 56830.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. BRUCE GREENE, Appellee.

*Opinion filed May 27, 1983.*

Tyrone C. Fahner, Attorney General, of Springfield (Michael B. Weinstein, Assistant Attorney General, of Chicago, of counsel), for the People.

Fearer & Nye, of Oregon (Stephen C. Pemberton, of counsel), for appellee.

JUSTICE SIMON delivered the opinion of the court:

This appeal requires us to decide whether section 24—1(a)(7) of the Criminal Code of 1961 (Ill. Rev. Stat.

1979, ch. 38, par. 24—1(a)(7)) dealing with unlawful use of weapons is constitutional. The circuit court of Ogle County held it was not, and the State has appealed that decision directly to this court under our Rule 302(a) (87 Ill. 2d R. 302(a)).

The circuit court held as it did because of the disparity in punishment for violations of the provision involved in this appeal compared with section 24—1(a)(3) (Ill. Rev. Stat. 1979, ch. 38, par. 24—1(a)(3)). It concluded that both of these sections prohibited similar conduct, but a violation of section 24—1(a)(3) is only a misdemeanor while a violation of section 24—1(a)(7) is a felony (Ill. Rev. Stat. 1979, ch. 38, par. 24—1(b)). Both provisions use the word "bomb," and that is the basis for the defendant's argument that both relate to the same offense. In addition, the defendant, Bruce Greene, argues that section 24—1(a)(7) is unconstitutionally vague. The statutes in question read:

"(a) A person commits the offense of unlawful use of weapons when he knowingly:

\* \* \*

(3) Carries on or about his person or in any vehicle, a tear gas gun projector or bomb or any object containing noxious liquid gas or substance; or

\* \* \*

(7) Sells, manufactures, purchases, possesses or carries any \*\*\* bomb, bomb-shell, grenade, bottle or other container containing an explosive substance of over one-quarter ounce for like purposes, such as, but not limited to, black powder bombs and Molotov cocktails or artillery projectiles; \*\*\*."

In making a search of the defendant's house after receiving consent to do so, the police found what they believed to be a homemade bomb—a tin can, approximately four inches in height, labeled "danger, hand grenade." The top was covered with wax and had a looped wire attached. The police defused the device and found inside the can

thousands of small BBs, four metal cartridges to which were attached four fuses twisted together to make one fuse at the end, and a quantity of black power. The defendant was then charged by information with unlawful use of weapons in knowingly possessing "a bomb which contained an explosive substance of over one quarter ounce" in violation of section 24—1(a)(7). The defendant moved to dismiss the information, alleging the unconstitutionality of that statute.

We first consider whether there is any difference between section 24—1(a)(3) and section 24—1(a)(7) which justifies harsher punishment for violation of the latter than the former without running afoul of the due process requirements announced in *People v. Wagner* (1982), 89 Ill. 2d 308, and in *People v. Bradley* (1980), 79 Ill. 2d 410. The word "bomb" is used in both sections and the defendant urges us to apply the maxim of statutory construction that a word used in different sections of the same legislative act is presumed to have the same meaning throughout the act. We reject that argument because the wording of the two sections indicates that the legislative intent was to distinguish between bombs containing explosives and those containing merely noxious liquids or tear gas.

Section 24—1(a)(3) refers to devices, including bombs, which contain "noxious liquid gas," commonly known as tear gas. The lack of punctuation between the words "projector" and "or bomb" in the phrase "tear gas gun projector or bomb" indicates that the legislature was referring to two devices each containing tear gas, one a "tear gas gun projector" and the second a "tear gas *** bomb." The added reference to objects "containing noxious liquid gas" strengthens our conclusion that this section is limited to devices or objects containing tear gas or other noxious substances.

Section 24—1(a)(7) contrasts with the previous section in that it clearly refers to explosive devices. It prohibits,

among other things, the possession of a "bomb." Where a word used in a statute is not defined by statute, it should be given its ordinary meaning unless to do so would defeat a clearly expressed legislative intent. (*People v. Fink* (1982), 91 Ill. 2d 237, 240; *People v. Schwartz* (1976), 64 Ill. 2d 275, 280.) Webster's Third New International Dictionary 249 (1971) defines "bomb" as "a projectile or other device carrying an explosive charge fused to detonate under certain conditions." Moreover, the reference in section 24—1(a)(7) to "explosive substance" indicates that it was the intent of the legislature in adopting this particular section to cover devices such as bombs, bombshells, grenades or bottles containing explosive substances. Finally, the examples of "black powder bombs," Molotov cocktails, and artillery projectiles used in the statute by way of illustration are added indications that the devices intended to be prohibited by this provision of the statute are those containing explosive material which will scatter particles or fire when detonated.

We conclude, therefore, that the statute in question does not provide different penalties for the same offense, and that there is sufficient difference between the devices outlawed in the two sections used by the defendant for comparison to justify differences in penalties without violating due process rights. It is reasonable for the legislature to provide a harsher penalty for possession of explosive bombs than for possessing or transporting tear gas bombs because of the greater capacity for injury and destruction an explosive device has as compared with a tear gas device which is merely foul smelling or irritating.

Although section 24—1(a)(7) is perhaps not a model of clarity, we conclude it is sufficiently specific to save it from being unconstitutionally vague. Statutes enjoy a strong presumption of constitutionality. To hold a statute unconstitutionally vague, its terms must be so ill defined that their meaning will be determined "by the opinions and whims of

the trier of fact rather than any objective criteria." (*People v. La Pointe* (1982), 88 Ill. 2d 482, 499.) The words "containing an explosive substance" serve notice that the type of bomb referred to is an explosive device containing an explosive substance. The words "such as, but not limited to, black powder bombs and Molotov cocktails or artillery projectiles" are, as pointed out above, additional guidance to the kind of explosive device prohibited—one primarily designed to cause unlawful destruction or injury when detonated. We believe the statute is sufficiently definite to give adequate notice as to what action or conduct is proscribed and what kind of device is prohibited. It gives sufficient direction to the trial judge who will be required to apply it in this case, and establishes minimal guidelines for the law enforcement authorities. *Kolender v. Lawson* (1983), 461 U.S. _____, 75 L. Ed. 2d 903, 103 S. Ct. 1855.

There may be borderline cases in which uncertainty will exist as to whether a particular device is covered by the statute. However, these possibilities do not affect the constitutionality of the statute with respect to activity about which there is no uncertainty. (*United States v. Wurzbach* (1930), 280 U.S. 396, 399, 74 L. Ed. 508, 510, 50 S. Ct. 167, 169; *People v. Witzkowski* (1972), 53 Ill. 2d 216, 219; *People v. Vandiver* (1971), 51 Ill. 2d 525, 530.) A person charged with conduct clearly prohibited by a statute has no standing to challenge the statute on the ground of vagueness. (*Parker v. Levy* (1974), 417 U.S. 733, 41 L. Ed. 2d 439, 94 S. Ct. 2547.) In this case the defendant was charged with knowingly possessing a bomb containing an explosive substance of more than one-quarter ounce. The device in question was labeled "caution, hand grenade" and was clearly a homemade bomb capable of setting off a destructive explosion. Defendant, under these circumstances, had sufficient notice that his possession of the apparatus was included in the section 24—1(a)(7) prohibition

against bombs containing an explosive substance.

The statute is not unconstitutional as applied to the conduct with which defendant is charged in this case; accordingly the judgment of the circuit court holding section 24—1(a)(7) unconstitutional is reversed and the cause is remanded for further proceedings.

*Reversed and remanded.*