THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
BARRY WRIGHT, Defendant-Appellant.

First District (2nd Division)   No. 84—2754

Opinion filed January 28, 1986.

Sam Adam, of Chicago (Roberta L. Samotny, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry and Peter Fischer, Assistant State's Attorneys, of counsel), for the People.

JUSTICE STAMOS delivered the opinion of the court:

After a jury trial, defendant was convicted of one count of posses-sion of a controlled substance with intent to deliver (Ill. Rev. Stat. 1983, ch. 56½, par. 1401(c)) and one count of unlawful use of weapons (Ill. Rev. Stat. 1983, ch. 38, par. 24—1(a)(7).) He was acquitted of one count of bribery. (Ill. Rev. Stat. 1983, ch. 38, par. 33—1(a).) The court sentenced defendant to a period of six years' incarceration on the possession with intent to deliver finding and to two years' incarceration on the unlawful use of weapons finding. Defendant appeals from these convictions.

On April 3, 1982, police officers Turner and Thompson entered the 8919 S. Blackstone apartment of defendant and defendant's mother, pursuant to a search warrant. Other members of the Third District tactical unit followed shortly after. A loaded handgun was removed from the defendant's pocket, and he was detained with his mother by Officer Tomasik in the living room while the apartment was searched. The police seized from in or near the kitchen a plastic vase and a clear plastic bag which they suspected contained drugs. They also seized video equipment, tapes and jewelry from the front bedroom, live shells and ammunition from a closet, and 11 loaded weapons, including rifles, handguns, and a shotgun whose barrel measured approximately 17 inches.

Three officers who took part in the search testified for the State at trial. Officer Tomasik testified that about 20 minutes after the search began, defendant offered to give Tomasik $10,000 to divide among the officers, if they would let him go. Defendant's mother left the room and returned with an envelope of cash. Officers Tomasik and Turner testified that defendant then handed the envelope to Tomasik, saying, "here's $10,000, take the dope, leave the guns, just leave me go, leave us alone." They stated that after handing over the money, defendant led them to a linen closet from which he retrieved a plastic bag containing 300 grams of cocaine.

Over defense counsel's objections, the three officers testified about the various weapons and ammunition seized during the search, and these items of evidence were kept at the State's table during its case in chief. Defendant's objections were overruled and his motion for mistrial denied, the trial court finding that the evidence was relevant and admissible.

Defendant and his mother testified, each denying that defendant

attempted to bribe the officers. Each testified that the shotgun recovered from the closet had been sawed off by defendant's father after the gun was damaged in a hunting incident. Defendant denied knowing the shotgun was in the apartment on the day of the police search. Both defendant and his mother denied knowing there were controlled substances in the apartment.

During the course of jury deliberations, the following question was received by the court:

"Re unlawful use of weapons. Does the defendant have to know that the length of the barrel is less than 18 inches or does he merely have to know that the shotgun is in his possession?"

The court heard arguments from both parties before the question was answered. The court responded to the jury:

"Re unlawful use of weapon. To find the defendant guilty the law requires that the defendant knowingly possessed the shotgun, but does not require that he know that the barrel is less than 18 inches in length."

Defendant first contends that the trial court erred in admitting into evidence guns and ammunition seized at the time of defendant's arrest. He urges that admission of this evidence denied him a fair trial because it was irrelevant to the charges before the jury. Alternatively, he argues that if the evidence was probative, its probative value was outweighed by the prejudicial impact on the jury. The State responds that the guns and ammunition were relevant as evidence not only of defendant's motive for the attempted bribe, but also as evidence of defendant's knowing possession of 300 grams of cocaine and of a sawed-off shotgun.

Both parties frame the issue of relevance in terms of the general rule that evidence of other crimes is inadmissible except when that evidence is relevant for a purpose other than to show defendant's propensity to commit the crimes charged. (*People v. Stewart* (1984), 105 Ill. 2d 22, 61, 473 N.E.2d 840; *People v. Baptist* (1979), 76 Ill. 2d 19, 27, 389 N.E.2d 1200; *People v. Romero* (1977), 66 Ill. 2d 325, 330, 362 N.E.2d 288.) We note initially that possession of weapons other than the shotgun was not directly characterized as a crime. The trial court refused the State's proffered instruction that evidence had been received that the defendant had been involved in an offense other than that charged in the indictment (Illinois Pattern Jury Instruction, Criminal, No. 3.14 (2d ed. 1981)). Instead, the court allowed defendant's amended instruction that evidence "has been received that the defendant may have possessed ammunition and numerous weapons

other than the shotgun which is the subject matter of the charge in the indictment." However, insofar as the evidence in dispute was outside the indictment and could arguably be evidence of other crimes, we believe that analysis in terms of the general rule of inadmissibility and its exceptions is appropriate.

Evidence of other crimes is admissible where relevant to establish any fact material to the prosecution. (*People v. Stewart* (1984), 105 Ill. 2d 22, 60, 473 N.E.2d 840.) Proof of motive is always relevant in a criminal prosecution to show that defendant committed the offense with which he is charged. (*People v. El* (1980), 83 Ill. App. 3d 31, 41, 403 N.E.2d 547), and evidence which goes to show motive is admissible even though it may reveal another offense (*People v. McDonald* (1975), 62 Ill. 2d 448, 455, 343 N.E.2d 489). Relevant, admissible evidence need not be excluded simply because it tends to prejudice the accused. (*People v. Hairston* (1970), 46 Ill. 2d 348, 372, 263 N.E.2d 840, *cert. denied* (1971), 402 U.S. 972, 29 L. Ed. 2d 136, 91 S. Ct. 1658.) The trial court must weigh the relevance of the evidence against its prejudicial effect to the defendant (*People v. Stewart* (1984), 105 Ill. 2d 22, 62, 473 N.E.2d 840), and its determination of whether evidence is relevant and admissible will not be reversed absent a clear abuse of discretion. *People v. Miller* (1981), 98 Ill. App. 3d 453, 458, 424 N.E.2d 624.

■ The record reflects that the trial court in the instant case considered defendant's arguments about the relevance and potentially prejudicial impact of the evidence of guns and ammunition in its rulings on a motion *in limine*, during trial, and upon the motion for new trial. We find that the evidence was relevant to the charge of bribery and was properly admitted. In the opening statement at trial, defendant stated that he would take the witness stand and would testify that he never attempted to bribe the police. He explained that he would testify that the $10,000 allegedly offered to the police officer was volunteered simply to be inventoried so that the police would be accountable for everything they searched in the apartment. During the State's case in chief, witnesses for the State testified that defendant tried to bribe the police officer guarding him, saying, "here's $10,000, take the dope, leave the guns, just leave me go," only after defendant had watched the officers discover and accumulate five rifles, several handguns, a sawed-off shotgun, and live shells and ammunition. Since defendant's denial of any bribery attempt put his actions and intent to influence in issue, the weapons and ammunition were properly offered by the State to establish the motive for defendant's alleged bribe.

Likewise, the evidence was relevant to the charge of knowing possession of a sawed-off shotgun because the jury could reasonably infer defendant's knowing control over the shotgun from his knowing control of the rifles and handguns in dispute. Although defendant testified that he did not know the sawed-off shotgun was in the apartment, he admitted owning and controlling the other weapons he now claims were not sufficiently connected to him. We also find that the jury was entitled to consider the evidence of the other weapons in determining whether defendant was guilty of the charge of possession of cocaine with intent to deliver. Knowing control of the 300 grams of cocaine found in his apartment was a material fact in issue, the State arguing that the cache of weapons indicated defendant was protecting his illicit drug trade and defendant asserting that he did not know the cocaine was in his apartment. Thus, the evidence was relevant and its admission was proper.

We are aware of cases which hold that the admission of items of physical evidence seized at a defendant's arrest have limited probative value and serve only to prejudice the defendant. (See *People v. Sanders* (1978), 59 Ill. App. 3d 650, 375 N.E.2d 921; *People v. Wade* (1977), 51 Ill. App. 3d 721, 366 N.E.2d 528.) However, as in the instant case, where evidence of guns and ammunition is related to the charges brought against the accused, substantial other authority has held that such evidence is admissible even as a detail of the defendant's arrest. (*People v. Eng* (1985), 138 Ill. App. 3d 281; *People v. Washington* (1984), 127 Ill. App. 3d 365, 468 N.E.2d 1285; *People v. Kincy* (1982), 106 Ill. App. 3d 250, 435 N.E.2d 831; *People v. Longstreet* (1974), 23 Ill. App. 3d 874, 320 N.E.2d 529.) In this case, the trial court properly weighed the relevance of the evidence in question against the prejudicial effect introduction of the evidence might have had upon the defendant before determining it was admissible. It then explicitly limited the terms of the admission to the purpose for which it was received by instructing the jury:

> "The defendant is not charged with any offense arising from possession of ammunition or weapons other than the shotgun alleged in the indictment. This evidence has been received solely on this issue of the defendant's intent and knowledge. This evidence may be considered by you only for the limited purpose for which it was received."

Consequently, we hold that the trial court did not abuse its discretion and that the defendant was not denied a fair trial.

■ The defendant also contends that the trial court erred when, in answer to a jury question during deliberations, it responded that

possession of a shotgun with a barrel less than 18 inches in length is sufficient to convict for unlawful use of a weapon, even without specific knowledge that the barrel was in fact less than 18 inches. Section 24—1(a)(7) of the Criminal Code of 1961 provides:

"(a) A person commits the offense of unlawful use of weapons when he knowingly:

\* \* \*

(7) Sells, manufactures, purchases, possesses or carries any weapon from which 8 or more shots or bullets may be discharged by a single function of the firing device, any shotgun having one or more barrels less than 18 inches in length, sometimes called a sawed-off shotgun, or any weapon made from a shotgun, whether by alteration, modification or otherwise, if such weapons, as modified or altered, has an overall length of less than 26 inches, or a barrel length of less than 18 inches or any bomb, bomb-shell, grenade, bottle or other container containing an explosive substance of over one-quarter ounce for like purposes, such as, but not limited to, black powder bombs and Molotov cocktails or artillery projectiles; \*\*\*." (Ill. Rev. Stat. 1983, ch. 38, par. 24—1(a)(7).)

The defendant alleges that section 24—1(a)(7) is unconstitutionally vague. Alternatively, he asserts that the trial court erred because the statute states that a defendant must be proved to have actual knowledge that the barrel of a shotgun is less than 18 inches in length.

A search of the record indicates that the defendant did not during the supplemental instruction conference or in his post-trial motion specifically assert the void-for-vagueness doctrine as grounds for objecting to the trial court's supplemental instruction to the jury. However, we choose to address the point, and find that defendant's challenge to the statute must fail. All statutes are presumed to be constitutional. (*People v. Bales* (1985), 108 Ill. 2d 182.) To hold a statute unconstitutionally vague, its terms must be so ill defined that their meaning will be determined by whim rather than by objective criteria. (*People v. LaPointe* (1982), 88 Ill. 2d 482, 499, 431 N.E.2d 344.) In *People v. Greene* (1983), 96 Ill. 2d 334, 450 N.E.2d 329, our supreme court examined section 24—1(a)(7) here in dispute in response to another defendant's challenge that he had insufficient notice that knowing possession of a device labeled "hand grenade" fell within the prohibition against bombs containing an explosive substance. The court stated that section 24—1(a)(7) clearly intended to prohibit devices containing explosive material capable of scattering particles or fire when detonated. (96 Ill. 2d 334, 338, 450 N.E.2d 329.)

It held that the statute gave adequate notice as to the conduct proscribed and device prohibited, sufficient direction to the trial judge to apply the law, and minimal guidelines for law enforcement authorities. (96 Ill. 2d 334, 339, 450 N.E.2d 329.) Although the *Greene* court specifically focused on the section's reference to bombs, we find the reasoning of *Greene* equally applicable to the instant case. Here, too, the pertinent conduct proscribed was knowing possession. There is no question that the shotgun defendant was found to knowingly possess is a device covered by the statute. Since defendant was charged with conduct to which the statute clearly applies, defendant's argument on the grounds of vagueness is not persuasive. *People v. Matkovick* (1984), 101 Ill. 2d 268, 276, 461 N.E.2d 964.

■ Likewise, we reject defendant's contention that the trial court misstated the law in its supplemental instruction to the jury. The precise issue presented has been answered in *People v. Ivy* (1985), 133 Ill. App. 3d 647, 479 N.E.2d 399. There, the defendant argued that she was not guilty under section 24—1(a)(7) of "knowingly" possessing an illegal weapon where the evidence failed to show that she was aware of the nature of the gun she possessed; that is, that it was a sawed-off shotgun. On affirming that defendant's conviction, we pointed out that the legislature, in providing criminal liability for the mere possession of a sawed-off shotgun, recognized that such weapons constituted a hazard to society and were contraband *per se*. (133 Ill. App. 3d 647, 653, 479 N.E.2d 399.) In light of the inherently dangerous nature of the weapon, we stated, "[W]e do not believe the legislature intended that the unlawfulness of the defendant's possession here should depend upon her familiarity or lack of familiarity with the characteristics of the gun she possessed." (133 Ill. App. 3d 647, 653, 479 N.E.2d 399.) We held that defendant's knowledge that she possessed the gun in question was sufficient for her conviction. In the case at bar, the State was required to prove beyond a reasonable doubt that defendant was in knowing possession of a shotgun whose barrel measured less than 18 inches. (See *People v. Williams* (1981), 98 Ill. App. 3d 844, 849, 424 N.E.2d 1234; *People v. Heard* (1977), 53 Ill. App. 3d 1042, 1048, 369 N.E.2d 229; *People v. Davis* (1977), 50 Ill. App. 3d 163, 167, 365 N.E.2d 1135.) The State was not required to also prove that defendant in fact knew the length of the gun's barrel violated the statute.

We do not agree with defendant that the legislature's intent in this regard is more clearly expressed in the Criminal Code's provisions pertaining to ignorance or mistake. (Ill. Rev. Stat. 1983, ch. 38, par. 4—8.) In construing the statute, the evil sought to be overcome

must be given particular attention. (*People v. Ivy* (1985), 133 Ill. App. 3d 647, 653, 479 N.E.2d 399.) The intent of the legislature in enacting section 24—1(a)(7) was to prohibit devices containing explosive materials. (*People v. Greene* (1983), 96 Ill. 2d 334, 338, 450 N.E.2d 329.) In view of this purpose, we do not believe that section 24—1(a)(7) requires defendant to know the barrel length of the shotgun he possesses as part of the mental state which ignorance or mistake would then be negative.

Neither do we agree that *People v. Thomas* (1974), 18 Ill. App. 3d 306, 309 N.E.2d 744, stands for the proposition that the State must prove defendant's knowledge as to whether more than eight shots or bullets might be discharged by a single function of a firing device. In *Thomas*, after defendant's arrest, the police converted the weapon in dispute into one capable of discharging eight shots at once when they added a trigger spring to the firing pin. (18 Ill. App. 3d 306, 309, 309 N.E.2d 744.) Thus, at the time of his arrest, that defendant did not knowingly possess a weapon which was *per se* violative of the statute. In the case now before us, no conversion was required to bring the shotgun within the proscription of the statute.

Consequently, we hold that the trial court did not err in its supplemental instruction to the jury because section 24—1(a)(7) does not require that defendant in fact know the shotgun's barrel measured less than 18 inches.

Finally, the defendant contends that the trial court's response to the jury also tainted the jury's deliberations on the charge of possession with intent to deliver. The trial court considered this argument of defendant's and rejected it, specifically noting that the jury was "very discerning and intelligent *** more than capable of separating the various issues coming from it and making independent judgment upon those issues." The jury in fact proceeded to acquit defendant of the bribery charges. For the reasons previously stated, we find that the trial court correctly stated the law in its supplemental instruction to the jury. The jury was not tainted in deliberating on the charge of possession with intent to deliver.

We affirm.

Affirmed.

HARTMAN and SCARIANO, JJ., concur.