THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
HENRY DEAN, Defendant-Appellant.

First District (5th Division)   No. 1—89—0882

Opinion filed December 14, 1990.

Randolph N. Stone, Public Defender, of Chicago (Robert Fox and Aaron L. Meyer, Assistant Public Defenders, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Walter P. Hehner, and Miles J. Keleher, Assistant State's Attorneys, of counsel), for the People.

JUSTICE GORDON delivered the opinion of the court:

Following a bench trial defendant was found guilty of unlawful use of weapons and sentenced to one year's probation. (Ill. Rev. Stat. 1987, ch. 38, par. 24—1(a)(7).) On appeal, defendant contends that he was denied equal protection of the laws under the weapons statute and that the State failed to prove him guilty beyond a reasonable doubt.

At the trial, Officer Carl Loeffler testified that he responded to a radio dispatch to assist other officers at 10 a.m. on August 16, 1987. After meeting with the officers near the intersection of Homan and Harrison Streets in Chicago, Officer Loeffler proceeded down an alley behind Lexington Street. At the rear of 3420 West Lexington, Loeffler heard voices and the sound of the slide operation on a shotgun. From a crouched position Loeffler observed defendant clearly demonstrating to several other individuals how to load and unload a sawed-off shotgun. He then radioed this information to his fellow officers.

Officer Mark Vail testified that he and another officer approached the front of the residence at 3420 Lexington to investigate a report of a man with a weapon. After receiving the message from Loeffler, Vail ran to the rear of the property, where he observed defendant holding a shotgun and operating the slide mechanism. Defendant and others fled. Defendant was stopped after he handed the shotgun to Edward Boyce. Boyce was apprehended inside the second-floor apartment and the shotgun was recovered. Boyce told Vail that he owned the shotgun. The barrel length of the shotgun measured 14 inches.

Defendant testified that on the morning of his arrest he observed Boyce with the shotgun in his backyard of his home on Lexington. Defendant claimed that Boyce was trying to get rid of the gun when he saw the police. Defendant denied touching the gun.

Darryl Vanardo, defendant's nephew, testified that he observed

Boyce in the yard with the shotgun but did not see the defendant with the gun. When Vanardo observed a policeman "sneaking up with his gun out," he called out that police were there and ran inside.

After assessing defendant's testimony as unconvincing, the trial court found defendant guilty.

■ Defendant first claims that the weapons statute violates his constitutional right to equal protection under the laws. Defendant's second contention is also based on his interpretation of the weapons statute. We will deal with both contentions together. In response, the State incorrectly argues that the constitutional issue has been waived because it was not previously raised. *People v. Bryant* (1989), 128 Ill. 2d 448, 539 N.E.2d 1221.

■ Under defendant's novel interpretation of the weapons statute, he claims that the statute violates his right to equal protection of the laws because sections 24—1(a)(4) and 24—1(a)(10) of the Criminal Code allow a person to possess a firearm while on his own land or in his own abode whereas section 24—1(a)(7), under which he was convicted, fails to permit this exception. (Ill. Rev. Stat. 1987, ch. 38, pars. 24—1(a)(4), (a)(7), (a)(10).) Defendant contends that he was charged and convicted under only section 24—1(a)(7), which does not provide the exception to homeowners with firearms on their own property. We, however, reject defendant's interpretation of the statute and corresponding constitutional analysis. Section 24—1(a)(7) provides that a person in possession of a sawed-off shotgun (a shotgun with a barrel less than 18 inches long) has committed a crime. No exceptions are allowed under this section because such weapons are considered to be inherently dangerous to human life. (*People v. Stankovich* (1974), 20 Ill. App. 3d 162, 313 N.E.2d 276.) Our review of the statute indicates that it is sawed-off shotguns, not persons, which are treated differently by the statute. No constitutional violation is created by such disparate classification of firearms. The section of the statute under which defendant was charged and convicted treats alike all persons who carry sawed-off shotguns, and it creates no unconstitutional difference in treatment. Since defendant was not charged under the other two sections he notes and he has provided no legal support for his interpretation of the statutory framework, we refuse to find any constitutional infringement.

■ We also reject defendant's second contention that sections 24—1(a)(4) and 24—1(a)(10) of the Criminal Code allow persons to possess sawed-off shotguns while on their own land or in their own homes. Defendant again has provided no legal authority for this proposition and presents instead a statutory construction argument which we do

not accept. The words "or other firearms," which exist in both sections 24—1(a)(4) and 24—1(a)(10) as part of the exception provided, do not include sawed-off shotguns. Such weapons are contraband *per se*. (*People v. Wright* (1986), 140 Ill. App. 3d 576, 488 N.E.2d 1344.) As the State points out, the logical extension of defendant's argument would mean that a person could possess automatic weapons since they are "firearms" while in their own home or on their own land, and we are certain this was not the legislative intent. We will construe section 24—1(a)(7) of the Criminal Code in conjunction with previous Illinois opinions which make it a crime to possess a sawed-off shotgun in one's abode. *Wright*, 140 Ill. App. 3d 576, 488 N.E.2d 1344.

We will also treat defendant's next two contentions together. Defendant claims that he was not proved guilty beyond a reasonable doubt of (1) unlawful use of a weapon or (2) knowingly possessing a sawed-off shotgun. Defendant contends that the trial court weighed the evidence incorrectly, misunderstood defendant's testimony and that the police officers' testimony was impeached. Defendant also claims that he never had actual possession of the shotgun. Both police officers testified that they observed defendant holding the shotgun and demonstrating the slide mechanism. The officers also testified that defendant handed the gun to Boyce before fleeing. Both defendant and his nephew saw the police approach. While the latter both denied defendant had possession of the shotgun, the trial court need not accept defendant's version of events. It is the responsibility of the trier of fact to resolve inconsistencies or conflicts in testimony. (*People v. Crespo* (1983), 118 Ill. App. 3d 815, 455 N.E.2d 854.) The trier of fact is not required to accept defendant's exculpatory testimony but must consider the evidence as a whole, weighing all the circumstances of the incident in assessing the possibility of the accused's version of events. (*Crespo*, 118 Ill. App. 3d 815, 455 N.E.2d 854.) When there is a challenge to the sufficiency of the evidence, the relevant question becomes whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt when viewing the evidence in the light most favorable to the prosecution. (*People v. Young* (1989), 128 Ill. 2d 1, 538 N.E.2d 453.) In this case, defendant has been unable to persuade us that the trial court erred in its assessment of the evidence.

Accordingly, the judgment of the circuit court is affirmed, and as part of our judgment, we assess defendant $50 as cost of this appeal.

Judgement affirmed.

LORENZ, P.J., and COCCIA, J., concur.