**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | No. 10-10071 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-00801-CKJ-GEE-1 |
| v. | |
| **JOSE JUAN CORONA-PENA**, | **MEMORANDUM**[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted April 11, 2011
San Francisco, California

Before:    **KOZINSKI**, Chief Judge, **HAWKINS** and **GOULD**, Circuit Judges.

Corona-Pena violated a state law that makes it a crime to "knowingly"

possess "a shotgun having one or more barrels less than 18 inches in length." 720

Ill. Comp. Stat. 5/24-1(a)(7)(ii). The Illinois state courts have interpreted the law

to require that the defendant knew he possessed a shotgun, but not the length of the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

barrel.  See People v. Wright, 488 N.E.2d 1344, 1349 (Ill. Ct. App. 1986) ("[W]e hold that . . . section 24-1(a)(7) does not require that defendant in fact know the shotgun's barrel measured less than 18 inches."); People v. Ivy, 479 N.E.2d 399, 404 (Ill. Ct. App. 1985) ("Thus, while it was necessary to show the defendant's knowledge of the presence of the weapon, there was no requirement . . . that the defendant also be shown to have knowledge of the nature of the gun." (citations omitted)).

By contrast, the federal version of possession requires the government to prove that defendant knew the length of the gun.  See 26 U.S.C. § 5861; United States v. Summers, 268 F.3d 683, 687 (9th Cir. 2001) ("[T]he government was required to prove beyond a reasonable doubt that [defendant] knew the shotgun found in his car had an overall length of less than 26 inches or a barrel length of less than 18 inches."); see also Staples v. United States, 511 U.S. 600, 620 (1994) ("[I]f Congress had intended to make outlaws of gun owners who were wholly ignorant of the offending characteristics of their weapons, and to subject them to lengthy prison terms, it would have spoken more clearly to that effect.").  U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A)(iii) requires the same knowledge. Cf. Taylor v. United States, 495 U.S. 575, 590–92 (1990) (expressing preference

for uniform national definitions). Corona-Pena's state crime therefore doesn't categorically qualify as a federal firearms offense.

Nor has the government shown the crime meets the federal definition under the modified categorical approach. The state conviction documents indicate that Corona-Pena pleaded guilty to "knowingly" possessing a sawed-off shotgun. But this tells us only that Corona-Pena knew he possessed a shotgun (knowledge required by the statute of conviction), and not that he was aware of the gun's length (knowledge not required by the state statute). The government points to no documents showing that Corona-Pena knew the length of the gun. See United States v. Vidal, 504 F.3d 1072, 1088 (9th Cir. 2007) (en banc) ("[A]n indictment that merely recites the language of the statute . . . is insufficient to establish the offense as generic for purposes of a modified categorical analysis."). On remand, the district court shall re-sentence defendant without applying the enhancement for a federal firearms offense.

**SENTENCE VACATED; REMANDED WITH INSTRUCTIONS.**