THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHRISTOPHER J. STUDLEY, Defendant-Appellant.

Fourth District   No. 4—93—0771

Argued February 16, 1994.—Opinion filed March 25, 1994.

John T. Phipps (argued), of John T. Phipps Law Offices, of Champaign, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and Elliott Turpin (argued), all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

In January 1993, a jury convicted defendant, Christopher J. Studley, of violating section 11—505 of the Illinois Vehicle Code (Vehicle Code) (Ill. Rev. Stat. 1991, ch. 95¹/₂, par. 11—505), and the trial court later fined him $75 and court costs. Defendant appeals, alleging that (1) the court erred in applying this statute to a nonmoving vehicle and in interpreting it as an absolute liability offense, and (2) he was not proved guilty beyond a reasonable doubt.

We affirm.

In October 1992, defendant stopped the vehicle he was driving in the left-hand lane behind another car at an intersection in Champaign, Illinois. In the right-hand lane and three cars back from the intersection, Trooper Jackson of the Illinois State Police was also stopped for the traffic signal. Jackson testified at trial that he heard the sound of an engine revving up and accelerating very fast. He saw defendant's vehicle lunge forward and stop abruptly. Then the rear end lifted up, the rotating tires emitted a loud squealing and screeching sound for 5 to 10 seconds, and smoke developed around the tires. Defendant's vehicle did not move while the tires were squealing and screeching. Defendant testified that he "popped" his toes off the clutch and the tires squealed "like most clutch cars do when you put—when you dump it or pop it when your foot accidentally slips off the clutch."

Section 11—505 of the Vehicle Code provides as follows:

"No person shall operate any motor vehicle in such a manner as to cause or allow to be emitted squealing, screeching or other such noise from the vehicle's tires due to rapid acceleration or excessive speed around corners or other such reason.

This Section shall not apply to the following conditions:

(a) an authorized emergency vehicle, when responding to an emergency call or when in the pursuit of an actual or suspected violator; nor

(b) the emergency operation of a motor vehicle when avoiding imminent danger; nor

(c) any raceway, racing facility or other public event, not part of a highway, sanctioned by the appropriate governmental authority." Ill. Rev. Stat. 1991, ch. 95$^1$/$_2$, par. 11—505.

Defendant claims that the language of section 11—505 prohibiting squealing and screeching of tires pertains only to a moving vehicle. He bases this conclusion on the section's placement within the Vehicle Code following the offenses of reckless driving (Ill. Rev. Stat. 1991, ch. 95$^1$/$_2$, par. 11—503) and drag racing (Ill. Rev. Stat. 1991, ch. 95$^1$/$_2$, par. 11—504), and preceding the general speed restrictions (Ill. Rev. Stat. 1991, ch. 95$^1$/$_2$, par. 11—601), which he argues shows a legislative intent to prohibit hazardous speeds and movement of vehicles, rather than merely noise. He also claims that "rapid acceleration or excessive speed around corners" refers only to a moving vehicle, and the phrase "or other such reason" similarly requires movement of the vehicle to constitute an offense. See Ill. Rev. Stat. 1991, ch. 95$^1$/$_2$, par. 11—505.

The cardinal rule of statutory construction is to ascertain and give effect to the intent of the legislature, and in determining such intent, courts should first consider the statutory language. (*People v. Gassman* (1993), 251 Ill. App. 3d 681, 689, 622 N.E.2d 845, 851.) Section 11—505 of the Vehicle Code prohibits the operation of a motor vehicle so as to cause noise emission from the tires due to occurrences such as "rapid acceleration." (Ill. Rev. Stat. 1991, ch. 95$^1$/$_2$, par. 11—505.) In response to defendant's motion for a directed verdict, the trial court concluded that the language "rapid acceleration" applies to acceleration of the engine and the tires, as well as the vehicle. The court also found defendant's actions were prohibited by the language "other such reason." We agree.

The entire focus of the statute is on prohibition of improper vehicle operation as evidenced by squealing or screeching tires, with certain exceptions not pertinent to defendant. Based upon the testimony of Jackson, defendant rapidly accelerated his engine speed while engaging the clutch and then "popped" the clutch to engage

the rear wheels, causing the tires to spin and skid on the pavement and emit a squealing and screeching noise. The jury was entitled to disbelieve defendant's version that the tire noise was created when his foot slipped off the clutch while he pressed on the brake.

Defendant acknowledges that the statute was intended to prohibit hazardous operation of a motor vehicle but argues that a hazardous condition is created only through the vehicle's movement. We disagree. Rapidly spinning tires on a vehicle stopped in traffic could cause a sudden lateral or forward motion once the tires achieve traction with the pavement. Clearly, this constitutes a hazard to the vehicle's driver, as well as other vehicles—and their occupants—on the roadway. We conclude that rapid acceleration which causes squealing or screeching of tires does not require any movement of the vehicle.

Defendant appears to argue that the trial court's failure to interpret the statute so as to require the vehicle's movement as an element of the offense erroneously imposed absolute liability based solely upon the creation of tire noise. However, it is not the absence of movement that makes section 11—505 an absolute liability offense. An absolute liability offense is one which does not require a culpable mental state as an element. (See *Gassman*, 251 Ill. App. 3d at 690, 622 N.E.2d at 852.) Generally, offenses relating to the operation of motor vehicles upon the public highways are absolute liability offenses, meaning that a defendant's intent or knowledge is immaterial to the question of guilt. (*People v. Kappas* (1983), 120 Ill. App. 3d 123, 131, 458 N.E.2d 140, 145.) Section 4—9 of the Criminal Code of 1961 (Ill. Rev. Stat. 1991, ch. 38, par. 4—9) permits the imposition of absolute liability if the offense in question is a misdemeanor not punishable by incarceration or by a fine exceeding $500. Driving under the influence of alcohol is one example of an absolute liability offense (*Gassman*, 251 Ill. App. 3d at 689-90, 622 N.E.2d at 851), as is driving while license suspended (*People v. Stevens* (1984), 125 Ill. App. 3d 854, 855, 466 N.E.2d 1321, 1322), and driving in excess of the applicable speed limit (*City of Creve Coeur v. Pelletier* (1977), 45 Ill. App. 3d 59, 60, 358 N.E.2d 1355, 1356). Section 11—505 is a petty offense (see Ill. Rev. Stat. 1991, ch. 95$^{1}$/$_{2}$, pars. 6—601(a), 11—202), an offense less serious even than a misdemeanor. Because violations of its provisions are subject only to a fine not to exceed $500 (see Ill. Rev. Stat. 1991, ch. 95$^{1}$/$_{2}$, par. 6—601(b)), section 11—505 of the Vehicle Code is an absolute liability offense.

Defendant also argues that the phrase "other such reason" in section 11—505 of the Vehicle Code is unconstitutionally vague because it could be applied in hypothetical situations to tire noise

caused by weather conditions or to circumstances where the driver is learning to drive a manual transmission. However, defendant's conduct brought him within the express terms of section 11—505 of the Vehicle Code and not within any hypotheticals posed. Thus, he does not have constitutional standing to challenge this portion of the statute. (*People v. Blackorby* (1992), 146 Ill. 2d 307, 320-21, 586 N.E.2d 1231, 1238; see also *People v. Ford* (1991), 221 Ill. App. 3d 354, 370-72, 581 N.E.2d 1189, 1200-01.) Furthermore, we conclude that the phrase "other such reason," when read in context, is sufficiently specific to pass constitutional muster. See *People v. Fabing* (1991), 143 Ill. 2d 48, 55, 570 N.E.2d 329, 332-33.

Defendant bases his other argument, that he was not proved guilty beyond a reasonable doubt, on his assertion that an element of the offense is movement of the vehicle, a notion we have rejected. The jury heard evidence that defendant had rapidly accelerated the tire speed of his vehicle, causing his tires to squeal and screech. A rational jury, viewing the evidence in the light most favorable to the prosecution, could have found defendant guilty beyond a reasonable doubt. *People v. Campbell* (1992), 146 Ill. 2d 363, 374-75, 586 N.E.2d 1261, 1266.

For the reasons stated, we affirm defendant's conviction.

Affirmed.

KNECHT and COOK, JJ., concur.