# Illinois Official Reports

## Appellate Court

<div style="border">

### *People v. Laws*, 2016 IL App (4th) 140995

</div>

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TODD L. LAWS, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-14-0995 |
| Filed | October 25, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Adams County, No. 14-CF-232; the Hon. Scott H. Walden, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael J. Pelletier, Jacqueline L. Bullard, and Akshay Mathew, of State Appellate Defender's Office, of Springfield, for appellant.<br><br>Jonathan H. Barnard, State's Attorney, of Quincy (Patrick Delfino, David J. Robinson, and Linda Susan McClain, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | PRESIDING JUSTICE KNECHT delivered the judgment of the court, with opinion.<br>Justices Turner and Appleton concurred in the judgment and opinion. |

**OPINION**

¶ 1        Defendant, Todd L. Laws, had a 2010 conviction for unlawful possession of methamphetamine. He now appeals his November 2014 conviction for unlawful possession of methamphetamine precursors in violation of section 120(a) of the Methamphetamine Control and Community Protection Act (Act) (720 ILCS 646/120(a) (West 2012)). On appeal, defendant argues the State failed to prove he knowingly purchased, owned, or otherwise possessed a product he knew to contain a methamphetamine precursor on November 18, 2013. The State argues it met its burden of proof because the statute requires the State to prove only knowledge of possession and not knowledge that the substance contains a methamphetamine precursor. We affirm.

¶ 2                                    I. BACKGROUND

¶ 3        During a stipulated bench trial on November 13, 2014, defendant was found guilty of one count of unlawful possession of methamphetamine precursors in violation of section 120(a) of the Act (*id.*), a Class 4 felony. Pursuant to a negotiated agreement between defendant and the State, the court sentenced defendant to two years in prison and one year of mandatory supervised release.

¶ 4        Section 120(a) of the Act reads:

> "Whenever any person pleads guilty to, is found guilty of, or is placed on supervision for an offense under this Act, in addition to any other penalty imposed by the court, no such person shall thereafter knowingly purchase, receive, own, or otherwise possess any substance or product containing a methamphetamine precursor as defined in Section 10 of this Act, without the methamphetamine precursor first being prescribed for the use of that person in the manner provided for the prescription of Schedule II controlled substances under Article III of the Illinois Controlled Substances Act." *Id.*

A person convicted under section 120(a) is guilty of a Class 4 felony. 720 ILCS 646/120(b) (West 2012). Pseudoephedrine is a methamphetamine precursor as defined by the Act. 720 ILCS 646/10 (West 2012).

¶ 5        Prior to trial, defendant challenged the constitutionality of section 120(a) of the Act (720 ILCS 646/120(a) (West 2012)) in a motion to dismiss, arguing that the statute violated the due process clauses of both the Illinois Constitution and the United States Constitution. Defendant argued because the statute does not require "a culpable mental state beyond mere knowledge," it creates the potential for subjecting wholly innocent conduct to criminal punishment. In sum, defendant made an overbreadth argument. In support, defendant cited *People v. Madrigal*, 241 Ill. 2d 463, 948 N.E.2d 591 (2011), which held unconstitutional a statute relating to identity theft because the statute did not contain a culpable mental state beyond mere knowledge, resulting in the potential for criminal punishment of wholly innocent conduct. *Id.* at 479, 948 N.E.2d at 600. The *Madrigal* court noted several cases striking down statutes as unconstitutional for the same reason. *Id.* at 467-68, 948 N.E.2d at 594 (citing *People v. Carpenter*, 228 Ill. 2d 250, 888 N.E.2d 105 (2008), *People v. Wright*, 194 Ill. 2d 1, 740 N.E.2d 755 (2000), *In re K.C.*, 186 Ill. 2d 542, 714 N.E.2d 491 (1999), *People v. Zaremba*, 158 Ill. 2d 36, 630 N.E.2d 797 (1994), and *People v. Wick*, 107 Ill. 2d 62, 481 N.E.2d 676 (1985)). In these cases, the courts determined there was no rational relationship between the statute and

the legislative purpose because the risk of subjecting wholly innocent conduct to criminal punishment attenuated the relationship, rendering the statute overbroad and therefore unconstitutional. *E.g.*, *Madrigal*, 241 Ill. 2d at 467-68, 474, 948 N.E.2d at 594, 598.

¶ 6 The State countered defendant's constitutional argument by analogizing section 120(a) of the Act to rules preventing felons from possessing a firearm or ammunition (720 ILCS 5/24-1.1 (West 2014)) or from voting while imprisoned (Ill. Const. 1970, art. III, § 2). The State argued section 120(a) of the Act, like the statute preventing felons from possessing a firearm or ammunition, merely limits a specific privilege to a limited class of citizens who have demonstrated a proclivity to abuse the privilege. The State also noted the prescription exception contained in section 120(a) is a further limitation on the statute's applicability, which weighs in favor of rationality. The State argued that the relationship between the statute and the legislative objective was not attenuated in this case because these limitations prevent punishment of wholly innocent conduct. The court rejected defendant's constitutional argument and denied defendant's motion to dismiss, and the case proceeded to a stipulated bench trial.

¶ 7 The stipulated facts presented at the trial follow. The National Precursor Log Exchange (NPLEx) indicated that, on November 18, 2013, defendant purchased 12-hour Sudafed, a product containing pseudoephedrine, at a drugstore in Adams County. Surveillance footage showed a man purchasing the Sudafed, and Officer James Brown of the West Central Illinois Task Force would have identified defendant as the man in the surveillance footage. An employee of the drugstore would have testified if a person had a doctor's prescription to purchase a product containing pseudoephedrine, or any other methamphetamine precursor, the purchase would not appear in the NPLEx logs, which indicates defendant did not have a prescription to purchase Sudafed on November 18, 2013. Finally, the State would have introduced a certified copy of defendant's October 2010 conviction for unlawful possession of methamphetamine in violation of section 60(a) of the Act (720 ILCS 646/60(a) (West 2008)). Based upon this evidence, the trial court found defendant guilty of unlawful possession of a methamphetamine precursor in violation of section 120(a) of the Act (720 ILCS 646/120(a) (West 2012)) and concurred in the negotiated sentence of two years in prison and one year of mandatory supervised release. This appeal followed.

¶ 8 II. ANALYSIS

¶ 9 On appeal, defendant expressly states in his reply brief that he does not challenge the constitutionality of section 120(a), but argues that the statute must be read to require "criminal knowledge" because interpreting the statute to require mere knowledge could subject wholly innocent conduct to criminal punishment. Defendant also argues that the proper construction of the statute requires both knowledge of possession and knowledge that the substance contains a methamphetamine precursor. Defendant argues that this dual-pronged knowledge requirement would satisfy a showing of the criminal knowledge he asserts is required by the statute. Defendant claims, because the stipulated facts did not establish he had a criminal purpose for the Sudafed or actual knowledge that Sudafed contained a methamphetamine precursor, the State did not meet its burden to convict under the Act. Finally, defendant argues that our court system disfavors interpreting statutes to impose absolute liability absent a clear intention by the legislature, which he asserts supports his argument that the Act requires criminal knowledge rather than mere knowledge. According to defendant, interpreting the

statute to require mere knowledge as opposed to criminal knowledge would result in an absolute liability statute because it would create the potential for criminal punishment of wholly innocent conduct.

¶ 10    The State argues that the court should enforce the statute as written when the legislature clearly provides a mental state. The statute here expressly prohibits "*knowingly* purchas[ing], receive[ing], own[ing], or otherwise possess[ing]" a methamphetamine precursor. (Emphasis added.) 720 ILCS 646/120(a) (West 2012). Therefore, the State argues that mere knowledge, as opposed to criminal knowledge, is the requisite mental state for this crime. In response to the statutory construction argument, the State notes that an offense typically consists of an act committed with a culpable mental state, and the act here is possession, which must be done knowingly. Accordingly, the State's construction of the statute requires application of the *mens rea* element only to the possessory element of the crime. Because knowledge of possession was sufficient to convict, the State argues it met its burden. The State agrees that section 120(a) should not be read to impose absolute liability because the statute expressly requires a knowing mental state. Finally, the State maintains section 120(a) of the Act is constitutional because the statute is a rational means of promoting the legislative objective of reducing methamphetamine manufacture and abuse. The limited class of persons regulated by this statute (*i.e.*, those previously convicted of methamphetamine crimes), coupled with the prescription exception, sufficiently limits the applicability of the statute so as to prevent criminal punishment of wholly innocent conduct. These limitations, the State argues, maintain the statute's rational relationship to the legislative purpose and therefore its constitutionality.

¶ 11    Defendant maintains that we must read into the statute criminal knowledge as opposed to applying the mental state expressly provided by the legislature. Defendant asserts that we need not reach a constitutional analysis because the statute can be construed so as to preserve its constitutionality by requiring criminal knowledge, which would, in turn, require both knowledge of possession and knowledge the substance contains a methamphetamine precursor. Defendant appears to muddle his arguments. Reading the requirement of criminal knowledge into the statute is not the same as construing the express language of the statute to require the dual-pronged knowledge for which he advocates. Criminal knowledge is a mental state requiring both knowledge and criminal or devious intent. *People v. Tolliver*, 147 Ill. 2d 397, 400-01, 589 N.E.2d 527, 529 (1992). As will be discussed more fully *infra*, the instances where criminal knowledge has been read into a statute are those where the court is preserving the constitutionality of the statute in question. Thus, despite defendant's contentions to the contrary, we conclude he has presented two separate arguments: (1) a statutory construction argument and (2) an argument to read criminal knowledge into section 120(a) of the Act, which is a constitutional argument.

¶ 12                        A. Standard of Review

¶ 13    Questions of law, statutory construction, and constitutionality are reviewed *de novo*. *People v. Molnar*, 222 Ill. 2d 495, 508, 857 N.E.2d 209, 217 (2006). Statutes are presumed constitutional and should be interpreted so as to uphold constitutionality where possible. *Id.* Additionally, the Illinois Supreme Court has repeatedly held that courts should attempt to resolve cases on nonconstitutional grounds before considering constitutionality. *In re E.H.*, 224 Ill. 2d 172, 178, 863 N.E.2d 231, 234 (2006). Accordingly, we will consider defendant's statutory construction argument prior to proceeding to his argument asserting that section

120(a) requires criminal knowledge as opposed to mere knowledge.

¶ 14                                    B. Statutory Construction

¶ 15        We begin our analysis by considering whether section 120(a) of the Act requires knowledge of both possession and the presence of a methamphetamine precursor or merely knowledge of possession.

¶ 16                              1. *Construction of Section 120(a)*

¶ 17        Our supreme court has explained:

> "The cardinal rule of statutory construction is to ascertain and give effect to the true intent of the legislature. [Citation.] The best evidence of legislative intent is the language used in the statute itself, which must be given its plain and ordinary meaning. [Citations.] The statute should be evaluated as a whole, with each provision construed in connection with every other section. [Citation.] If legislative intent can be ascertained from the statute's plain language, that intent must prevail without resort to other interpretive aids. [Citation.]" *Paris v. Feder*, 179 Ill. 2d 173, 177, 688 N.E.2d 137, 139 (1997).

¶ 18        The purpose of the Act "is to reduce the damage that the manufacture, distribution, and use of methamphetamine are inflicting on children, families, communities, businesses, the economy, and the environment in Illinois." 720 ILCS 646/5 (West 2012). The statutory language of section 120(a) prohibits individuals previously convicted under the Act from "knowingly purchas[ing], receiv[ing], own[ing], or otherwise possess[ing] any substance or product containing a methamphetamine precursor." 720 ILCS 646/120(a) (West 2012). The legislature undoubtedly intended to regulate the possession of methamphetamine precursors by individuals who have a prior conviction of a methamphetamine crime.

¶ 19        Turning to the plain meaning of the relevant word chosen by our legislature, our supreme court has stated "knowledge," as a criminal *mens rea*, means conscious awareness of facts making a person's conduct unlawful. *People v. Gean*, 143 Ill. 2d 281, 288, 573 N.E.2d 818, 822 (1991). We note the meaning assigned does not require awareness that one's conduct is unlawful; the meaning requires only awareness of the facts.

¶ 20        Defendant argues the proper construction of the statute requires the State to show both knowledge of possession and knowledge that the substance contains a methamphetamine precursor. To support this argument, defendant cites *Tolliver* and *People v. DePalma*, 256 Ill. App. 3d 206, 627 N.E.2d 1236 (1994), which discuss the constitutionality of the statutes in question, not the construction of the plain language contained in those statutes. Defendant also asserts that failure to require knowledge that the substance contains a methamphetamine precursor would render the statute an absolute liability offense because it would create the potential for criminal punishment of wholly innocent conduct. However, defendant's assertion regarding the potential punishment of wholly innocent conduct is a constitutional argument, not a statutory construction argument. The potential punishment of wholly innocent conduct does not render a statute an absolute liability crime; it would render the statute overbroad and therefore unconstitutional. "An absolute liability offense is one which does not require a culpable mental state as an element." *People v. Studley*, 259 Ill. App. 3d 556, 559, 631 N.E.2d

839, 841 (1994). Section 120(a) undoubtedly requires knowledge, a mental state, as an element; therefore, this argument is without merit.

¶ 21 The State argues that the proper construction of the statute only requires knowledge of possession. In support, the State cites *People v. Ivy*, 133 Ill. App. 3d 647, 479 N.E.2d 399 (1985), *People v. Stanley*, 397 Ill. App. 3d 598, 921 N.E.2d 445 (2009), and *People v. Wright*, 140 Ill. App. 3d 576, 488 N.E.2d 1344 (1986). In *Ivy*, the court considered whether the State was required to prove the defendant had knowledge of a weapon's illicit nature or character to convict the defendant of unlawful possession of a "sawed-off" shotgun (Ill. Rev. Stat. 1981, ch. 38, ¶ 24-1(a)(7)). The court stated:

> "We are aware of no other case involving the issue of whether the knowledge element *** may be satisfied by showing knowledge of the presence of a weapon which later proves to be illegal or whether it is necessary to show that the defendant had knowledge of the status and character of the illegal weapon. As pointed out by the State, it is well settled that one is presumed to know the law and that ignorance of the law is no excuse. [Citations.] *** Since it is 'knowing possession' of an illegal object that is proscribed by statute, the State was not required to prove that the defendant knew her possession was illegal but only that she knew she possessed the object in question." *Ivy*, 133 Ill. App. 3d at 652-53, 479 N.E.2d at 403.

*Stanley* upheld *Ivy*, concluding that the *mens rea* element only applied to the possessory element of unlawful possession of a "sawed-off" shotgun and not to whether the defendant actually knew the weapon was defaced or altered. *Stanley*, 397 Ill. App. 3d at 607-09, 921 N.E.2d at 452-54; see also 720 ILCS 5/24-5(b) (West 2006) (the statute interpreted by the *Stanley* court). Similarly, *Wright* considered a statute prohibiting "knowingly *** possess[ing] *** any weapon made from a shotgun *** if such weapon *** has *** a barrel length of less than 18 inches." Ill. Rev. Stat. 1983, ch. 38, ¶ 24-1(a)(7). The *Wright* court determined that the statute did not require the defendant to actually know the barrel of such a weapon was less than 18 inches; rather, the statute only required the defendant to know he or she possessed the weapon in question. *Wright*, 140 Ill. App. 3d at 582, 488 N.E.2d at 1348. In sum, these courts held that the *mens rea* element applies only to the possessory element and not to the illegal nature or character of the contraband.

¶ 22 We agree with these cases, which are consistent with interpretations of knowing possession throughout our jurisprudence as well as the definition of "knowledge" supplied by our supreme court in *Gean*. For example, with respect to unlawful possession of a controlled substance, the State bears the burden of proving that the defendant knew he or she possessed and had control over the contraband; the State need not prove the defendant had knowledge of the substance's illegal nature. See *People v. Givens*, 237 Ill. 2d 311, 335, 934 N.E.2d 470, 484 (2010). With respect to unlawful possession of a firearm by a felon, the State bears the burden of proving that the defendant knew he or she possessed a firearm and he or she had a prior felony conviction; the State need not prove that the defendant had knowledge he or she was prohibited from possessing the firearm because of the prior felony conviction. See *People v. Hester*, 271 Ill. App. 3d 954, 956, 649 N.E.2d 1351, 1354 (1995). Requiring the State to prove that the defendant knew the illegal nature or character of his or her act is simply requiring the defendant to know the law, which is knowledge we impute to all defendants regardless of the crime in question. We determine section 120(a) of the Act (720 ILCS 646/120(a) (West 2012))

requires the State to show that the defendant knew he or she possessed a substance containing a methamphetamine precursor.

¶ 23    An individual who purchases medication containing a methamphetamine precursor is on notice that the medication contains the precursor because the ingredients are listed on the box or bottle containing the medication. The argument that an individual is unaware a particular substance is a methamphetamine precursor is a mistake of law claim, which is no defense. Even if we interpreted the statute to require knowledge that a methamphetamine precursor is contained in the substance possessed, defendant's argument that he was unaware Sudafed contained pseudoephedrine or unaware pseudoephedrine was a methamphetamine precursor would necessarily fail.

¶ 24                    2. *Application of Section 120(a) to Defendant's Case*

¶ 25    We determine that the stipulated evidence was sufficient to convict defendant for one count of unlawful possession of methamphetamine precursors in violation of section 120(a) of the Act (720 ILCS 646/120(a) (West 2012)). When reviewing a criminal case on appeal, the relevant question is whether a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt as to each element of the crime in question. *People v. Davison*, 233 Ill. 2d 30, 43, 906 N.E.2d 545, 553 (2009). Section 120(a) required the State to have proved defendant was consciously aware he possessed a substance containing a methamphetamine precursor on November 18, 2013. See 720 ILCS 646/120(a) (West 2012). Additionally, the State needed to have shown defendant had a prior conviction under the Act. *Id.*

¶ 26    The stipulated facts at trial establish that, on November 18, 2013, defendant purchased 12-hour Sudafed, a product containing the methamphetamine precursor pseudoephedrine. By physically purchasing the Sudafed and taking it with him from the drugstore, we can infer that defendant was consciously aware he was in possession of the Sudafed. Additionally, the stipulated facts established that defendant had a prior conviction for methamphetamine possession in violation of section 60(a) of the Act (720 ILCS 646/60(a) (West 2008)). A reasonable trier of fact could have found defendant guilty beyond a reasonable doubt for each element of unlawful possession of a methamphetamine precursor as defined in section 120(a) of the Act (720 ILCS 646/120(a) (West 2012)).

¶ 27    Defendant argues that the State failed to prove him guilty beyond a reasonable doubt because the State did not present evidence showing he knew Sudafed contained a methamphetamine precursor. However, notwithstanding the fact defendant should have known Sudafed contained pseudoephedrine, his argument fails because we have decided that knowledge that the substance possessed contains a methamphetamine precursor is not required by section 120(a). Accordingly, we find the State met its burden and decline to reverse the trial court's judgment.

¶ 28                              C. Criminal Knowledge

¶ 29    Having first considered defendant's nonconstitutional arguments and determining those arguments do not afford defendant the relief he seeks, we now turn to defendant's argument asserting that criminal knowledge must be read into section 120(a) of the Act.

¶ 30    As previously stated, criminal knowledge has been read into a statute only where the court is preserving the constitutionality of the statute in question. Indeed, the two cases defendant

cites in support of this argument present the question of constitutionality. See *DePalma*, 256 Ill. App. 3d at 207, 627 N.E.2d at 1237 (challenging the constitutionality of section 4-103(a)(4) of the Illinois Vehicle Code (625 ILCS 5/4-103(a)(4) (West 1992))); *Tolliver*, 147 Ill. 2d at 399, 589 N.E.2d at 528 (challenging the constitutionality of section 104(a)(2) of the Vehicle Code (Ill. Rev. Stat. 1989, ch. 95½, ¶ 4-104(a)(2))).

¶ 31        In *Tolliver*, the statute in question contained no express mental state, but the statute in *DePalma* did contain a knowing mental state. See Ill. Rev. Stat. 1989, ch. 95½, ¶ 4-104(a)(2) (*Tolliver* statute); 625 ILCS 5/4-103(a)(4) (West 1992) (*DePalma* statute). In these cases, the courts concluded the requirement of mere knowledge was not sufficiently rationally related to the legislative purpose at hand, thereby violating due process. *E.g.*, *Tolliver*, 147 Ill. 2d at 399-403, 589 N.E.2d at 528-30. The courts reached this conclusion because mere knowledge absent a criminal purpose created the potential for criminal punishment of wholly innocent conduct (*i.e.*, conduct unrelated to the legislative purpose of the statute and devoid of criminal or devious intent). *E.g.*, *id.* at 401-03, 589 N.E.2d at 529-30; see also *DePalma*, 256 Ill. App. 3d at 211, 214, 627 N.E.2d at 1239, 1241 (defining wholly innocent conduct). This potential attenuated the relationship between the statute and the legislative intent so as to render the relationship irrational and the statute overbroad. *Tolliver*, 147 Ill. 2d at 401-03, 589 N.E.2d at 529-30; *DePalma*, 256 Ill. App. 3d at 214, 627 N.E.2d at 1241. Therefore, a showing of criminal knowledge was necessary to preserve the constitutionality of the statutes in question, and the courts read criminal knowledge into the statutes to that effect. *Tolliver*, 147 Ill. 2d at 403, 589 N.E.2d at 530; *DePalma*, 256 Ill. App. 3d at 214, 627 N.E.2d at 1241.

¶ 32        Pursuant to Illinois Supreme Court Rule 341(h)(7) (eff. Jan. 1, 2016), points not argued in appellant's brief are forfeited, as are claims not fully analyzed. See *Bartlow v. Costigan*, 2014 IL 115152, ¶ 52, 13 N.E.3d 1216. Additionally, voluntary express relinquishment of an available right or argument constitutes waiver. *Buenz v. Frontline Transportation Co.*, 227 Ill. 2d 302, 320 n.2, 882 N.E.2d 525, 536 n.2 (2008). While defendant has provided law and analysis on the issue of overbreadth and constitutionality, an issue properly preserved for appeal at the trial, defendant expressly maintains he is not challenging the constitutionality of the statute and has waived the issue.

¶ 33        Defendant asserts his argument that to read criminal knowledge into the statute does not require a constitutional analysis. However, defendant's argument rests on the premise that criminal knowledge is required to prevent criminal punishment of wholly innocent conduct—the exact constitutional argument outlined in *Tolliver* and *DePalma*. As discussed, the courts in *Tolliver* and *DePalma* only reached the conclusion that criminal knowledge was required after first finding the statute unconstitutional as written. Because defendant has waived the issue of constitutionality, we will not conduct the analysis necessary to consider whether the conclusion he desires is warranted.

¶ 34        Nonetheless, defendant's reliance on *Tolliver* and *DePalma* is misplaced. Rather, this case would be controlled by *Carpenter*, 228 Ill. 2d 250, 888 N.E.2d 105, and *Wright*, 194 Ill. 2d 1, 740 N.E.2d 755. According to *Carpenter* and *Wright*, where the express language of a statute provides a mental state, the court may not read into the statute a different or additional culpable mental state. *Carpenter*, 228 Ill. 2d at 270-71, 888 N.E.2d at 117-18; *Wright*, 194 Ill. 2d at 29-30, 740 N.E.2d at 769. The *Wright* court specifically distinguished *Tolliver* by stating: "In *Tolliver*, we were able to imply the mental state of knowledge plus criminal purpose as an element of section 4-104(a)(2) because that provision contained no mental state." *Wright*, 194

Ill. 2d at 29, 740 N.E.2d at 769. The statute here expressly requires knowledge, which is a mental state, as an element. Even if defendant had not waived the issue, we could not have read criminal knowledge into section 120(a) regardless of whether we determined the statute was constitutional as written. We also note our supreme court's decisions in *Wright* and *Carpenter* call into doubt the validity of *DePalma* because the *DePalma* court read criminal knowledge into that statute despite the statute's express inclusion of knowledge as the requisite mental state.

¶ 35                                       III. CONCLUSION

¶ 36        For the reasons stated, we affirm the trial court's judgment. As part of our judgment, we award the State its $50 statutory assessment against defendant as costs of this appeal. 55 ILCS 5/4-2002 (West 2014).

¶ 37        Affirmed.