# Illinois Official Reports

## Appellate Court

---

### *People v. Lewis*, 2016 IL App (4th) 140852

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICHARD D. LEWIS, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-14-0852 |
| Filed<br>Rehearing denied | December 20, 2016<br>January 23, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Adams County, No. 14-CF-17; the Hon. William O. Mays, Judge, presiding. |
| Judgment | Affirmed in part and vacated in part. |
| Counsel on Appeal | Michael J. Pelletier, Patricia Mysza, and Kathleen Weck (argued), of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Jonathan H. Barnard, State's Attorney, of Quincy (Patrick Delfino, David J. Robinson, and Allison Paige Brooks (argued), of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | PRESIDING JUSTICE KNECHT delivered the judgment of the court, with opinion.<br>Justices Holder White and Pope concurred in the judgment and opinion. |

**OPINION**

¶ 1      Defendant, Richard D. Lewis, appeals his September 2014 conviction for unlawful possession of methamphetamine precursors in violation of section 120(a) of the Methamphetamine Control and Community Protection Act (Community Protection Act) (720 ILCS 646/120(a) (West 2012)). On appeal, defendant argues (1) the State failed to prove he knowingly purchased, owned, or otherwise possessed a product he knew to contain a methamphetamine precursor; (2) section 120 of the Community Protection Act violates due process by potentially punishing wholly innocent conduct with a felony conviction; (3) section 120 of the Community Protection Act defines unlawful possession of a methamphetamine precursor as a felony while section 40 of the Methamphetamine Precursor Control Act (Precursor Act) (720 ILCS 648/40 (West 2012)) defines unlawful possession of pseudoephedrine or ephedrine as a misdemeanor, thereby violating due process, equal protection, and the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11); and (4) the $100 methamphetamine law enforcement fine assessed against defendant should be vacated because defendant's conduct does not meet the requirements necessary to assess that fine.

¶ 2      The State responds (1) it met its burden to convict defendant under section 120(a) of the Community Protection Act by showing defendant knowingly purchased a medication that contained pseudoephedrine; (2) section 120 of the Community Protection Act does not encompass wholly innocent conduct and therefore is not overbroad and does not violate due process; and (3) the Community Protection Act and the Precursor Act have different purposes and punish different conduct and therefore do not violate due process, equal protection, or the proportionate penalties clause. Finally, the State concedes the $100 methamphetamine law enforcement fine assessed against defendant should be vacated. We affirm in part and vacate in part.

¶ 3                                 I. BACKGROUND

¶ 4      During a stipulated bench trial in September 2014, defendant was found guilty of one count of unlawful possession of methamphetamine precursors in violation of section 120(a) of the Community Protection Act, a Class 4 felony (720 ILCS 646/120(a), (b) (West 2012)). The stipulated facts at the bench trial follow. Defendant was previously convicted under the Community Protection Act in Adams County case No. 11-CF-387. Defendant admitted he, without a prescription, purchased one box of Smart Sense 12-hour decongestant, a product containing pseudoephedrine, on December 31, 2013, at a Kmart pharmacy in Quincy, Illinois. In addition to defendant's confession, there was video surveillance showing defendant making said purchase. Based on these stipulated facts, the trial court found defendant guilty of unlawful possession of a methamphetamine precursor in violation of section 120(a) of the Community Protection Act (*id.*).

¶ 5      Pursuant to the negotiated agreement between defendant and the State, the trial court sentenced defendant to one year in prison and one year of mandatory supervised release. The court assessed, *inter alia*, a $100 methamphetamine law enforcement fine. In September 2014, defendant timely filed a notice of appeal challenging his conviction in sufficient compliance with Illinois Supreme Court Rule 606 (eff. Feb. 6, 2013).

¶ 6                                        II. ANALYSIS

¶ 7          On appeal, defendant challenges his conviction, arguing the State failed to meet its burden
to convict by proving he purchased a product he knew contained a methamphetamine
precursor. Defendant also challenges the constitutionality of section 120 of the Community
Protection Act on due process, equal protection, and proportionate penalties grounds. Finally,
defendant argues the $100 methamphetamine law enforcement fine should be vacated because
he was not convicted of possessing or delivering methamphetamine with the intent to
manufacture methamphetamine.

¶ 8          At the outset, we acknowledge our supreme court has repeatedly held courts should
attempt to resolve cases on nonconstitutional grounds before proceeding to constitutional
analyses. *In re E.H.*, 224 Ill. 2d 172, 178, 863 N.E.2d 231, 234 (2006). Accordingly, we will
consider defendant's nonconstitutional arguments first and only proceed to his constitutional
challenges if necessary.

¶ 9                            A. Defendant's Nonconstitutional Arguments

¶ 10         Defendant makes two nonconstitutional arguments. First, defendant argues the State failed
to meet its burden to convict under section 120(a) of the Community Protection Act. Second,
defendant asserts he is ineligible for the $100 methamphetamine law enforcement fine
assessed against him by the trial court.

¶ 11                  1. *Application of Section 120 of the Community Protection Act*

¶ 12         Defendant's argument asserting the State failed to demonstrate he knowingly purchased a
methamphetamine precursor presents a question of statutory construction. Questions of
statutory construction are reviewed *de novo*. *People v. Molnar*, 222 Ill. 2d 495, 508, 857
N.E.2d 209, 217 (2006).

¶ 13         Section 120(a) of the Community Protection Act reads:

> "Whenever any person pleads guilty to, is found guilty of, or is placed on supervision
> for an offense under this Act, in addition to any other penalty imposed by the court, no
> such person shall thereafter knowingly purchase, receive, own, or otherwise possess
> any substance or product containing a methamphetamine precursor as defined in
> Section 10 of this Act, without the methamphetamine precursor first being prescribed
> for the use of that person in the manner provided for the prescription of Schedule II
> controlled substances under Article III of the Illinois Controlled Substances Act." 720
> ILCS 646/120(a) (West 2012).

According to defendant, to obtain a conviction under section 120(a), the State must show he
knowingly purchased or possessed a product that he knew contained a methamphetamine
precursor. We recently had occasion to consider this exact question in *People v. Laws*, 2016 IL
App (4th) 140995, a case with nearly identical facts to the case at bar.

¶ 14         Section 120(a) of the Community Protection Act applies only to individuals who have a
prior conviction under the act. In *Laws*, we determined the latter portion of section 120(a)
"requires the State to show the defendant knew he or she possessed a substance containing a
methamphetamine precursor." *Id.* ¶ 22. The State need not show the defendant actually knew
the illegal nature of the substance possessed. *Id.* "The argument an individual is unaware a
particular substance is a methamphetamine precursor is a mistake of law claim, which is no

defense." *Id.* ¶ 23; see also 720 ILCS 5/4-3(c) (West 2012) ("Knowledge that certain conduct constitutes an offense, or knowledge of the existence, meaning, or application of the statute defining an offense, is not an element of the offense unless the statute clearly defines it as such.").

¶ 15 Here, the undisputed facts demonstrate defendant, who had a prior conviction under the Community Protection Act, purchased Smart Sense, a product containing pseudoephedrine, from a pharmacy on December 31, 2013, without a prescription. These facts are nearly identical to those in *Laws* and are sufficient to support a conviction under section 120(a) of the Community Protection Act. See *Laws*, 2016 IL App (4th) 140995, ¶¶ 25-27. Accordingly, we conclude the State met its burden to convict defendant under section 120(a) of the Community Protection Act.

¶ 16                          2. *Methamphetamine Law Enforcement Fine*

¶ 17 Defendant argues, and the State concedes, this court should vacate the $100 methamphetamine law enforcement fine assessed against defendant. Whether a defendant is eligible for a fine is a question of statutory construction to be reviewed *de novo*. *People v. Warren*, 2016 IL App (4th) 120721-B, ¶ 99, 55 N.E.3d 117.

¶ 18 The relevant statute states:

> "When a person has been adjudged guilty of a methamphetamine related offense involving possession or delivery of methamphetamine or any salt of an optical isomer of methamphetamine or possession of a methamphetamine manufacturing material as set forth in Section 10 of the Methamphetamine Control and Community Protection Act with the intent to manufacture a substance containing methamphetamine or salt of an optical isomer of methamphetamine, in addition to any other penalty imposed, a fine shall be levied by the court at not less than the full street value of the methamphetamine or salt of an optical isomer of methamphetamine or methamphetamine manufacturing materials seized." 730 ILCS 5/5-9-1.1-5(a) (West 2014).

Both the State and defendant agree defendant is not eligible for this fine because (1) he did not possess or deliver methamphetamine in this case and (2) the trial court did not find defendant intended to manufacture methamphetamine with the Smart Sense defendant purchased on December 31, 2013. We also agree and vacate the $100 methamphetamine law enforcement fine assessed against defendant.

¶ 19                          B. Defendant's Constitutional Arguments

¶ 20 Having first considered defendant's nonconstitutional argument regarding his conviction under section 120(a) of the Community Protection Act and determining that argument does not afford defendant the relief he seeks, we now turn to his constitutional arguments. Defendant asserts section 120 of the Community Protection Act violates due process because the provision potentially punishes wholly innocent conduct with a felony conviction. Defendant also argues the different punishments afforded under the Community Protection Act and the Precursor Act violate due process, equal protection, and the proportionate penalties clause of the Illinois Constitution. We review *de novo* constitutional challenges to statutes. *People v. Jones*, 223 Ill. 2d 569, 596, 861 N.E.2d 967, 983 (2006).

¶ 21                              1. *Wholly Innocent Conduct Argument*

¶ 22        Both the Illinois Constitution and the United States Constitution require due process of law prior to depriving a person of liberty. Ill. Const. 1970, art. I, § 2; U.S. Const., amend. XIV. When assessing the constitutionality of a statute that does not implicate a fundamental right, the proper inquiry is "whether the statute is reasonably designed to remedy the evils which the legislature has determined to be a threat to the public health, safety and general welfare." *Heimgaertner v. Benjamin Electric Manufacturing Co.*, 6 Ill. 2d 152, 159, 128 N.E.2d 691, 695 (1955). "This standard is essentially the same as the 'rational basis' test," and a statute will be upheld so long as it "bears a rational relationship to a legitimate State goal." *People v. Farmer*, 165 Ill. 2d 194, 207-08, 650 N.E.2d 1006, 1013 (1995). We construe statutes to uphold their constitutionality where possible. *Molnar*, 222 Ill. 2d at 508, 857 N.E.2d at 217. However, our courts will find the rational relationship lacking where a statute opens the potential for punishing wholly innocent conduct, thereby rendering the statute overbroad. See *People v. Tolliver*, 147 Ill. 2d 397, 399-403, 589 N.E.2d 527, 528-30 (1992).

¶ 23        The Community Protection Act limits the possession of methamphetamine precursors, which is not a fundamental right; consequently, the rational-basis test applies. The purpose of the Community Protection Act "is to reduce the damage that the manufacture, distribution, and use of methamphetamine are inflicting on children, families, communities, businesses, the economy, and the environment in Illinois." 720 ILCS 646/5 (West 2012). Defendant also notes a legislative purpose of "mak[ing] it harder for methamphetamine manufacturers to obtain the precursors to make methamphetamine," which is a purpose very closely related to the purpose set forth in the statutory language of the Community Protection Act. To serve this purpose, the legislature stringently regulates the possession of methamphetamine precursors by those who have demonstrated the proclivity to misuse those substances. See 720 ILCS 646/120(a) (West 2012). Accordingly, section 120(a) of the Community Protection Act requires individuals previously convicted under the Community Protection Act to obtain a doctor's prescription to purchase or otherwise possess methamphetamine precursors. *Id.*

¶ 24        Defendant argues the limitation outlined in section 120(a) is not rationally related to the legislative purpose because it does not require criminal intent, thereby subjecting wholly innocent conduct to a felony conviction. At the conclusion of this portion of his argument, defendant appears to argue the statute should require proof of criminal intent to use the precursor to manufacture methamphetamine. However, this conduct is already proscribed by section 20(a) of the Community Protection Act (720 ILCS 646/20(a)(1) (West 2012)), which prohibits possession of a methamphetamine precursor with the intent to manufacture methamphetamine. Section 120(a) is a further limitation on possession of methamphetamine precursors by those with a proclivity to manufacture and/or abuse methamphetamine. Thus, the relevant question is not whether the statute should require criminal intent but, rather, whether the statute, as written, is a rational means of accomplishing the legislative purpose.

¶ 25        Defendant argues the statute is not a rational means of accomplishing the legislative purpose because it encompasses wholly innocent conduct, thereby rendering the statute overbroad and in violation of due process. Wholly innocent conduct is conduct unrelated to the legislative purpose and devoid of criminal or devious intent. *Laws*, 2016 IL App (4th) 140995, ¶ 31. Defendant indicates wholly innocent conduct encompassed by section 120(a) includes (1) asking a neighbor or coworker for a single decongestant pill, (2) purchasing decongestants for one's child, and (3) sharing a home with someone who possesses decongestants.

¶ 26     Our supreme court has stated:

"The problem with *** [the] defendant's hypotheticals is that even the conduct he proposes does not extend beyond the very conduct the legislature meant to punish. *** The legislature was free to determine that the examples cited would not be 'innocent' conduct given the governmental interest ***. Because the conduct posed by defendant's hypotheticals cannot be considered wholly innocent, it seems that [the] defendant's argument boils down to the notion that the statute should be declared unconstitutional simply because some conduct that it proscribes would be less egregious than other types of conduct that could also constitute a violation under the same statute." *People v. Williams*, 235 Ill. 2d 178, 212, 920 N.E.2d 446, 466-67 (2009).

Here, the legislature has determined possession without a prescription of a methamphetamine precursor by an individual previously convicted under the Community Protection Act is not innocent conduct. Accordingly, defendant's first two examples do not demonstrate wholly innocent conduct; rather, they are examples of the exact conduct the legislature intended to prohibit. Defendant's remaining example is not persuasive, and defendant fails to cite any authority for the proposition that one possesses a methamphetamine precursor when his or her roommate brings the precursor into their shared home. As the State points out, mere knowledge that a product is present in one's home does not amount to possession of that product absent control over the product. See 720 ILCS 5/4-2 (West 2012) ("Possession is a voluntary act if the offender knowingly procured or received the thing possessed, or was aware of his control thereof for a sufficient time to have been able to terminate his possession.").

¶ 27     We conclude section 120(a) of the Community Protection Act does not violate due process on overbreadth grounds. By enacting section 120(a), the legislature sought to stringently regulate possession of methamphetamine precursors by those previously convicted of methamphetamine crimes, for the purpose of reducing methamphetamine manufacture and abuse. The statute only targets a limited group of individuals with a known proclivity for manufacturing and/or abusing methamphetamine, as opposed to the statutes in the cases cited by defendant, which applied to the public at large. See *People v. Madrigal*, 241 Ill. 2d 463, 948 N.E.2d 591 (2011) (assessing the constitutionality of an identity theft provision); *People v. Zaremba*, 158 Ill. 2d 36, 630 N.E.2d 797 (1994) (assessing the constitutionality of a theft statute); *People v. Wick*, 107 Ill. 2d 62, 481 N.E.2d 676 (1985) (assessing the constitutionality of an aggravated arson statute). This difference is significant. Section 120(a) only targets individuals who have shown a tendency to use methamphetamine precursors in a criminal manner, which—given the extreme dangers posed by the manufacture and abuse of methamphetamine—demonstrates the need to stringently regulate possession of methamphetamine precursors by such individuals, even where the individual plans to use the precursor in an innocent fashion.

¶ 28     Further, the statute does not prohibit outright all possession or purchase of methamphetamine precursors by that limited group of individuals; rather, the statute merely requires a prescription to purchase or possess a methamphetamine precursor. These limitations weigh in favor of rationality, and the prohibition itself is a rational method of combating methamphetamine manufacture and abuse. As defendant notes, we have previously indicated a statute "does not become unreasonable merely because some purchasers without the intent to manufacture methamphetamine might violate its terms or suffer inconvenience." *People v.*

*Willner*, 392 Ill. App. 3d 121, 126, 924 N.E.2d 1029, 1034 (2009).

¶ 29                              2. *Proportionate Penalties Argument*

¶ 30    The proportionate penalties clause of the Illinois Constitution provides "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11. One method of challenging the constitutionality of a punishment via the proportionate penalties clause requires showing the penalty "differs from the penalty imposed for an offense containing the same elements." *People v. Klepper*, 234 Ill. 2d 337, 348, 917 N.E.2d 381, 386 (2009). An inquiry under this identical elements test necessarily begins with an examination of the elements required to convict under the relevant statutes and is limited to the express legislative provisions under review. *People v. Clemons*, 2012 IL 107821, ¶ 46, 968 N.E.2d 1046.

¶ 31    Section 120(a) of the Community Protection Act, a Class 4 felony, prohibits (1) an individual with a prior conviction under the act from (2) knowingly purchasing or otherwise possessing a methamphetamine precursor (3) without a doctor's prescription. 720 ILCS 646/120(a) (West 2012). Sections 20(b) and 40(a)(2)(A) of the Precursor Act, a Class A misdemeanor, prohibit (1) an individual with a prior conviction of any state or federal methamphetamine-related crime from (2) knowingly purchasing or otherwise acquiring 7500 milligrams of ephedrine or pseudoephedrine, their salts or optical isomers, or salts of optical isomers (3) within a 30-day period. 720 ILCS 648/20(b), 40(a)(2)(A) (West 2012) (we note section 20(b) sets forth the prohibition, while section 40(a)(2)(A) outlines the penalty for an individual with one prior methamphetamine-related conviction).

¶ 32    These offenses are not identical, as they apply to different conduct and have different elements. The Community Protection Act merely requires a prescription to purchase or possess a precursor, whereas the Precursor Act regulates the amount of a precursor an individual may acquire over a 30-day period. Defendant admits the conduct underlying his conviction would not support a conviction under the Precursor Act, which also indicates the offenses are not identical. See *Klepper*, 234 Ill. 2d at 349, 917 N.E.2d at 387 ("The lack of identity between the statutory provisions is apparent when applied to the facts of this case."). Accordingly, we conclude section 120 of the Community Protection Act does not offend the proportionate penalties clause of the Illinois Constitution.

¶ 33              3. *Due Process and Equal Protection Arguments Based on Differences*
                  *Between Community Control Act and Precursor Act*

¶ 34    Defendant argues the Precursor Act and Community Protection Act punish "the same conduct" differently, which violates due process and equal protection. However, as we have already decided, section 120(a) of the Community Control Act and sections 20(b) and 40(a)(2)(A) the Precursor Act do not punish the same conduct. The Community Control Act merely requires an individual with a prior conviction under the act to have a doctor's prescription to purchase or possess a methamphetamine precursor, whereas the Precursor Act regulates the amount of ephedrine or pseudoephedrine anyone can purchase or otherwise acquire within a 30-day period, assigning enhanced penalties to those with prior convictions of any federal or state methamphetamine-related crime. Nonetheless, we turn to defendant's remaining due process and equal protection arguments.

¶ 35                                                    a. Due Process

¶ 36        As previously explained, both the Illinois Constitution and the United States Constitution require due process of law prior to depriving a person of liberty. Ill. Const. 1970, art. I, § 2; U.S. Const., amend. XIV. Where, as here, a fundamental right is not implicated, the rational basis test applies, and a statute will be upheld so long as it "bears a rational relationship to a legitimate State goal." *Farmer*, 165 Ill. 2d at 208, 650 N.E.2d at 1013.

¶ 37        In support of his argument, defendant cites *People v. Bradley*, 79 Ill. 2d 410, 403 N.E.2d 1029 (1980). In *Bradley*, the court considered two statutes concerning the possession and delivery of controlled substances. *Id.* at 414, 403 N.E.2d at 1030. Possession of a Schedule IV controlled substance was a Class 3 felony, while delivery of the same substance was a Class 4 felony, carrying with it a lesser sentencing range than the Class 3 felony. *Id.* The supreme court determined, based upon the express language in the statutory scheme, "the legislature intended that those who traffic in and deliver drugs should be subject to more severe sentences than those who merely possess them." *Id.* at 418, 403 N.E.2d at 1032. Accordingly, the court held unconstitutional the provision making possession of a Schedule IV controlled substance a Class 3 felony because the provision was not a reasonable method of accomplishing the legislature's stated purpose. *Id.*

¶ 38        We find *Bradley* distinguishable because the two provisions in that case were part of the same statutory scheme that contained an express legislative purpose in the statutory language and that purpose was in direct contravention with the challenged provision. In this case, the two provisions cited by defendant are entirely different statutory schemes that have entirely different purposes. While it is conceivable an individual's conduct might violate both provisions at the same time, it is well settled "the availability of different punishments for separate offenses based on the commission of the same acts does not offend the constitutional guarantees of equal protection or due process." *People v. Wade*, 131 Ill. 2d 370, 379, 546 N.E.2d 553, 557 (1989).

¶ 39        We have already determined section 120 of the Community Protection Act is a rational method of serving the legislative purpose of combating methamphetamine manufacture and abuse. We have also previously concluded section 20 of the Precursor Act is a rational method of serving its legislative purpose. *Willner*, 392 Ill. App. 3d at 125, 924 N.E.2d at 1032. Having determined neither provision offends due process, viewing the two provisions in light of one another does not render either provision any less of a rational or reasonable method of combating methamphetamine manufacture and abuse.

¶ 40        Defendant contends purchasing 7500 milligrams of a precursor is "far more culpable" conduct than possessing "a single pill" containing a precursor without a prescription and, therefore, it is irrational for the former to be a misdemeanor while the latter is a felony. However, it is within the legislature's purview to determine the seriousness of one crime compared to another when setting penalties. See *People v. Sharpe*, 216 Ill. 2d 481, 531-32, 839 N.E.2d 492, 522-23 (2005) (noting courts should not make subjective determinations about the seriousness of one crime compared to another or about the factors the legislature took into account when setting penalties). Apparently, the legislature thought it less culpable for an individual with a prior conviction under the Community Protection Act to, with a doctor's prescription, purchase between 7500 and 15,000 milligrams of pseudoephedrine or ephedrine within a 30-day period than to purchase any precursor without a prescription. That determination is entirely within the legislature's purview and does not render either provision

an irrational method of combating methamphetamine manufacture and abuse. We are not persuaded by defendant's argument and conclude the differences between the Community Protection Act and the Precursor Act do not render section 120 of the Community Protection Act irrational or unreasonable.

¶ 41                                   b. Equal Protection

¶ 42     Both the United States Constitution and the Illinois Constitution guarantee equal protection of the laws, which requires the government to treat similarly situated individuals in a similar manner. Ill. Const. 1970, art. I, § 2; U.S. Const., amend. XIV; see also *People v. Shephard*, 152 Ill. 2d 489, 499, 605 N.E.2d 518, 523 (1992). Where the alleged classes of individuals are not suspect or do not implicate a fundamental right, the rational basis test applies. *Shephard*, 152 Ill. 2d at 500, 605 N.E.2d at 524. Our supreme court has explained:

> "Under the rational basis test, a court's review of a legislative classification is limited and generally deferential. [Citation.] The legislature, under the State's police power, has wide discretion to classify offenses and prescribe penalties for those offenses. [Citation.] Thus, if any state of facts can reasonably be conceived to justify the enactment, it must be upheld. [Citations.]" *Id.* at 502, 605 N.E.2d at 525.

Again, we note, "the availability of different punishments for separate offenses based on the commission of the same acts does not offend the constitutional guarantees of equal protection or due process." *Wade*, 131 Ill. 2d at 379, 546 N.E.2d at 557.

¶ 43     Defendant's explanation of the different classes of individuals is unclear. He appears to define the class as those who have prior convictions under the Community Protection Act, and the disparate treatment arises when such an individual is convicted under section 120(a) of the Community Protection Act as opposed to section 40(a)(2)(A) of the Precursor Act. However, this does not amount to disparate treatment. While it is true the punishments for violating these provisions are different, the fact remains that the two offenses proscribe different conduct. Even if there is a situation where an individual's conduct constitutes a violation of both statutes, the availability of different punishments under the two acts does not violate equal protection because the two provisions constitute different offenses proscribing different conduct. See *id.* Accordingly, there is no disparate treatment of similarly situated individuals and therefore no violation of equal protection.

¶ 44                                   III. CONCLUSION

¶ 45     For the reasons stated, we affirm the trial court's judgment but vacate the $100 methamphetamine law enforcement fine assessed against defendant. As part of our judgment, we award the State its $75 statutory assessment against defendant as costs of this appeal. 55 ILCS 5/4-2002 (West 2014).

¶ 46     Affirmed in part and vacated in part.